

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 17, 2021

**BY ECF & EMAIL**

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States* v. *Jesus Manuel Brito*
              21 Mj. 9854

Dear Judge Parker:

      The Government respectfully submits this letter in opposition to defendant Jesus Manuel Brito's ("Brito") renewed application for bail. Following his arrest on October 19, 2021, Brito was presented before United States Magistrate Judge Robert W. Lehrburger on October 20, 2021, and remanded following argument from counsel.[1] Brito's renewed application presents no information to the Court that was not available to him at time of his initial bail hearing in October. Accordingly, his application fails under 18 U.S.C. § 3142(f). Even if his application did present new information (which it does not even purport to do), it should be rejected because Brito is still unable to overcome the presumption under 18 U.S.C. § 3142(e)(3) that "no condition or combination of conditions will reasonably assure [Brito's] appearance…as required and the safety of the community." Indeed, as the Government argued before Judge Lehrburger Brito poses both a profound flight risk and a serious danger to the community in light of his easy access to vast amounts of cash and narcotics, and his significant ties abroad.

**I.   LEGAL STANDARDS**

      Under 18 U.S.C. § 3142(f), a detention decision "[m]ay be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

      The Court must order detention if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and

---

[1] Earlier today, the Government provided the Court and defense counsel a copy of the transcript of the hearing before Judge Lehrburger. References to that transcript are denoted "Tr.__."

the community." 18 U.S.C. § 3142(e)(1). Pursuant to 18 U.S.C. § 3142(e)(3), there is rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—(A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)." A narcotics conspiracy charged under 21 U.S.C. §§ 846 and 841(b)(1)(A), such as that here, is such an offense under the Controlled Substances Act.

## II.  ARGUMENT

### A.  Brito Presents No New Information To The Court And Therefore His Renewed Bail Application Fails

Brito's argument for bail is premised on the following factors: (1) his ties to the community; (2) the purported non-danger he poses to the community; (3) the "weight of the evidence";[2] (4) Brito's lack of prior felony convictions; (5) Brito's purported lack of a history of violence or weapons possession; and (6) the bail conditions to which he is willing to submit.

This is all a rehash of the barebones arguments made to Judge Lehrburger on October 20, 2021. *See* Tr. 9-10. All of this information was available to Brito at that time. He presents nothing new. Indeed, he presents almost no facts for the Court to consider. He simply makes blank assertions, with most of his submission given over to summarizing the law. His application therefore plainly fails under 18 U.S.C. § 3142(f).

Similarly, Brito's willingness to submit to certain bail conditions is irrelevant. As indicated at his presentment, he was willing to submit to such conditions then, too. *See* Tr. 9-10. This is not new information, and it should otherwise have no bearing on the Court's inquiry under 18 U.S.C. § 3142(f).

### B.  Brito Still Cannot Overcome The Presumption That He Poses Both A Flight Risk And A Danger To The Community

The Government stands by the arguments it made before Judge Lehrburger. *See* Tr. 7-9. In short, Brito is a flight risk because of his ready access to vast sums of cash, his ties abroad, and his contacts in the airline industry, which he has used in furtherance of his money laundering activities. Brito is also a danger to the community because of his fentanyl dealing. In remanding Brito, Judge Lehrburger essentially adopted these arguments:

> My obligation is to determine if there are a reasonable set of conditions or any set of conditions that can reasonably assure the safety of the community and your presence at future proceedings. As the government pointed out, this is a

---

[2] Brito calls the complaint in this matter "bare-bones," and urges the Court to consider this in assessing the weight of the evidence against him. (Docket Entry No. 6 at 7). Brito must be thinking of another complaint. The complaint in this matter runs to 18 pages of detailed allegations setting forth Brito's money laundering and drug dealing activities.

presumption case, and so there's a presumption that there are no set of conditions. That presumption can be met and overcome. If it is met and overcome, then the government has the burden to show that there are no set of conditions that can reasonably assure safety by clear and convincing evidence and your presence at future proceedings by a preponderance of the evidence.

The nature and circumstances of the offense are certainly extremely serious: hundreds of thousands, probably millions of dollars, and also trafficking in drugs that are lethal, and as counsel noted, particularly with respect to Fentanyl. And the penalty, of course, is potentially severe. And perhaps of most concern, when you combine it with that, is all the ties to the other countries, including the Dominican Republic, having made extensive trips there; access to the vast quantities of cash; contacts in airline industry, etc. All of these do indicate a high risk for flight. And since there is a presumption, I find that the defendant has not met the presumption, and so the presumption applies. And even if he had met the presumption, I find that the government has established by a preponderance of the evidence that there are no set of conditions that can reasonably assure the presence of the defendant at future proceedings and the safety of the community; and by clear and convincing evidence as to safety. So for those reasons, I am ordering that the defendant be detained.

Tr. 10-11. This Court should adopt Judge Lehrburger's reasoning and deny Brito's renewed bail application for the same reasons.

### III. Conclusion

For the foregoing reasons, the Government respectfully requests that the Court deny Brito's renewed bail application.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Benjamin A. Gianforti
Assistant United States Attorney
212-637-2490

Cc: Genesis Peduto, Esq., counsel for the defendant (by ECF & e-mail)